UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CERVANTES MENDOZA,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY<br>Respondent. | No. 1:26-cv-08770-DJC-CKD<br><br>ORDER |

Before this Court is Martin Cervantes Mendoza's Petition for Writ of Habeas Corpus. (Pet. (ECF No. 1).) Petitioner is a native and citizen of Mexico who was first encountered and removed by immigration authorities in March 2005. (Opp'n at 1.) He re-entered, and his removal order was reinstated on August 30, 2026. (*Id*. at 3.) He was apprehended and detained on October 5, 2026. (*Id*. at 1)

Detention of a noncitizen subject to a reinstated removal order is governed by 8 U.S.C. § 1231. *Johnson v. Guzman Chavez*, 594 U.S. 523 (2021). Section 1231 requires the government to remove the noncitizen within a 90-day removal period, and detention is lawful during that period. 8 U.S.C. § 1231(a)(1)(A), (a)(2). The removal period begins on the date the order becomes administratively final. 8 U.S.C. § 1231(a)(1)(B)(i). A reinstated order is administratively final upon

reinstatement. *Guzman Chavez*, 594 U.S. 523. Petitioner's removal period therefore began on August 30, 2026 and will continue through November 28, 2026. As such, Petitioner's detention does not presently exceed the period permitted by statute.

The petition for writ of habeas corpus is accordingly DENIED without prejudice to bringing any other claims once the removal period has lapsed. The Clerk of the Court is directed to close this case and enter judgment for Respondent. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **November 10, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC10-Mendoza-1:26-cv-08770.merits